Filed 1/7/25  P. v. Windfield CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083836 |
| v. | (Super.Ct.No. FVA900999) |
| KEANDRE WINDFIELD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon Faherty, Judge.  Appeal dismissed.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Keandre Dion Windfield appeals the decision of the San Bernardino County Superior Court denying without prejudice his Penal Code section 745, subdivision (a), motion for relief due to discrimination.[1] We will dismiss the appeal.

## BACKGROUND

In 2011, a jury convicted defendant of one count of murder, one count of attempted murder, and assault with a semi-automatic firearm. The murder and attempted murder counts included firearm enhancements imposed pursuant to former section 12022.53, which made imposition of the enhancements mandatory. He was sentenced to 90 years to life.

Defendant appealed the judgment. (*People v. Windfield* (2021) 59 Cal.App.5th 496 (*Windfield I*).) While his appeal was pending, the Legislature amended section 12022.53 to give sentencing courts discretion with respect to imposing firearm enhancements. (§ 12022.53, subd. (h); Senate Bill No. 620 (2017-1018 Reg. Sess.) (Stats. 2017, ch. 682.) We affirmed the judgment but remanded the matter to the trial court with instructions, including a directive that the court consider whether to strike the firearm enhancements in light of the amendment to section 12022.53. (*Windfield I.*, *supra,* at p. 532.)

On remand, the trial court found there were important factors in mitigation (such as defendant was only 18 at the time of the crime and he had experienced a horrible childhood). It concluded, however, that those factors did not overcome the totality of

---

[1]     All further statutory references are to the Penal Code.

circumstances and declined to exercise its discretion to strike the firearm enhancements. On appeal, defendant's counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738. We conducted an independent review of the record and, finding no issues, we affirmed.

In January 2024, defendant filed a section 745 motion for seeking sentencing relief due to discrimination. He alleged that a person involved in the proceedings leading to his conviction (the judge, an attorney, a law enforcement officer, an expert witness, or a juror) exhibited bias or animus towards him because of his race, ethnicity, or national origin in violation of subdivision (a)(1) of section 745. The People argued the trial court lacked jurisdiction to hear the motion because defendant's judgment was long since final and he was in custody. They posited that, in the circumstances, defendant's efforts to obtain relief due to discrimination must be undertaken by way of a writ of habeas corpus as permitted by subdivision (b) of section 745.

The trial court agreed with the People and dismissed defendant's motion without prejudice. Defendant timely noticed this appeal and we appointed counsel to represent him.

## DISCUSSION

Appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel cites our opinion in *People v. Griffin* (2022) 85 Cal.App.5th 329, 335-336 and requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record. Counsel lists two issues for our consideration: (i)

3

whether the trial court had jurisdiction to consider defendant's motion, and (ii) whether the denial of defendant's motion without prejudice affect his substantial rights as to render the denial an appealable order.

We notified defendant that (i) his counsel filed a brief stating no arguable issues could be found, and (ii) this court may, but is not required, to conduct an independent review of the record. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We invited defendant to file within 30 days any supplemental brief deemed necessary and cautioned that failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned. Defendant did not file a brief.

Neither defendant or his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

MILLER_____
         J.
CODRINGTON_____
         J.

4